

**ORDERED in the Southern District of Florida on March 18, 2011.**

_____
A. Jay Cristol, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| **In re:** | **Chapter 7** |
| **TILES & STONES, INC., et al.** | **CASE NO. 08-21644-BKC-AJC** |
| | **(Jointly Administered)** |
| Debtors. | |
| _____/ | |
| **BARRY E. MUKAMAL,** | **ADV. NO. 10-3465-BKC-AJC-A** |
| as Chapter 7 Trustee, | |
| Plaintiff, | |
| vs. | |
| **CHRISTAL EXPRESS CORP.,** | |
| Defendant. | |
| _____/ | |

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**
**OF ORDER DENYING DEFENDANT'S VERIFIED MOTION TO**
**SET ASIDE DEFAULT FINAL JUDGMENT [ECF NO. 23]**

THIS CAUSE came before the Court for hearing on January 10, 2011 upon the Motion of Christal Express Corporation ("Defendant") For Reconsideration of the Order Denying Defendant's Verified Motion to Set Aside Default Final Judgment (the "Motion for Reconsideration"). (ECF No. 23). Having heard the arguments of counsel, reviewed the Motion, the Court file, and otherwise being duly advised in the premises, the Court finds and concludes as follows:

### I. FINDINGS OF FACT

1. On August 16, 2008, Tiles & Stones, Inc. and its jointly administered debtors (the "Debtors"), filed petitions for relief pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2. On July 29, 2008, Defendant filed proof of claim 170-1 for the sum of $3,245.00.

3. On or about July 24, 2009, the Debtors' bankruptcy cases were converted to cases under Chapter 7 of the Bankruptcy Code.

4. On July 30, 2010, Barry E. Mukamal, the Chapter 7 Trustee (the "Trustee") for the Debtors commenced the instant adversary proceeding, by filing a two-count Complaint against Defendant to Avoid and Recover Preferential Transfers (the "Complaint") pursuant to Sections 547 and 550 of the Bankruptcy Code.

5. On August 3, 2008, the Clerk of the Court issued a Summons and Notice of Pretrial/Trial in an Adversary Proceeding (the "Summons"). (ECF No. 2).

6. Pursuant to the Summons the deadline for Defendant to respond to the Complaint was, September 2, 2010, thirty (30) days from the date of the Summons.

7. On September 3, 2010, the Trustee filed a Verified Motion for Entry of Clerks Default, when the Defendant failed to file a timely response to the Complaint. (ECF No. 5).

8.     On September 7, 2010, the Clerk of the Court Entered a Default against Defendant. (ECF No. 6).

9.     On September 15, 2010, the Trustee filed a Motion for Default Final Judgment against Defendant. (ECF No. 8).

10.    On September 24, 2010, the Court entered a Default Final Judgment against Defendant in the amount of $11,920.29, equaling $11,655 in damages plus costs of $265.29.

11.    On October 20, 2010, Defendant filed a Verified[1] Motion to Set Aside Default Final Judgment (the "Motion to Vacate"). (ECF No. 17).

12.    In the Motion to Vacate Defendant stated:

Defendant filed a proof of claim on or about December, 2008 for monies owed to them from Tiles & Stones;

\*\*\*

Defendant received a copy of the complaint via U.S. Mail on or about August 14, 2010; and

\*\*\*

Defendant's lack of understanding of the English language led them to believe that the papers they had received were in connection to the proof of claim that she had filed with the courts.

(ECF No. 17 at ¶¶ 3, 6 and 10).

13.    On October 20, 2010, the Court set a hearing on the Motion to Vacate for November 3, 2010 at 11:00 a.m. (ECF No. 18).

14.    At the November 3, 2010 hearing, the Court denied the Motion to Vacate for failure to prosecute because counsel for the Defendant did not appear at the hearing (ECF No. 19).

---

[1] Although Defendant's Motion to Vacate purports to be verified, the Motion to Vacate is not notarized and there is no oath signed by Defendant.

3

15.     On November 11, 2010, Defendant filed the Motion for Reconsideration (ECF No. 23).

16.     According to Defendant's Motion for Reconsideration, Defendant failed to attend the hearing on the Motion to Vacate because Counsel for Defendant's "paralegal missed calendar [sic] the Motion for November 4, 2010" (ECF No. 23 at ¶ 3).

## II.     CONCLUSIONS OF LAW

### A. WHETHER EXCUSABLE NEGLECT EXISTS TO VACATE ORDER DENYING DEFENDANT'S MOTION TO VACATE DEFAULT FINAL JUDGMENT

Defendant is seeking relief from a judgment or order pursuant to Rule 60(b) (1) of the Federal Rules of Civil Procedure. According to Rule 60(b) "on motion and just terms, the Court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect…." Fed. R. Civ. P. 60(b) (1). In the instant case, Defendant is requesting that the Court enter an order relieving Defendant from the Order Denying Defendant's Motion to Vacate.

In determining whether excusable neglect exists, courts consider the circumstances including "the danger of prejudice to the non-moving party, the length of the delay and its potential impact on judicial proceedings, *the reason for the delay*, including whether it was in the reasonable control of the Movant, and whether the Movant acted in good faith." *Pioneer Inv. Services v. Brunswick Assocs. LP*, 507 U.S. 380, 395 (1993) (emphasis added). The most important factor is the reason for the delay which requires a statement of the reasons and a satisfactory explanation for the delay. *See EnvisoNet Computer Servs., Inc. v. ECS Funding LLC*, 288 B.R. 163,166 (D. Me. 2002).

If an attorney fails to properly calendar a hearing or otherwise misses a deadline due to a busy schedule, courts have generally held that such reasons do not constitute mistake,

inadvertence or excusable neglect. *See, e.g., Gonzalez v. Carrion* 396 B.R. 760, 803 (1st B.A.P. 2008) (Plaintiff's counsel's failure to attend pre-trial conference was not grounds for order relieving Plaintiff from dismissal of complaint for failure to prosecute); *In re Walker*, 332 B.R. 820, 831 (Bankr. D. Nev. 2005) (no excusable neglect due to miscommunication between attorney and secretary regarding hearing date); *Southerland v. ITT Continental Baking Co., Inc.*, 710 F.2d 473, 476 (8th Cir. 1983) (attorney's failure to appear at trial is not the sort of inadvertence or excusable neglect that would properly form basis for relief from judgment pursuant to Rule 60(b)); *McLaughlin v. LaGrange*, 662 F.2d 1385, 1387 (11th Cir. 1981)(fact that counsel has a busy practice does not establish excusable neglect).

17. Here, Defendant's failure to attend the hearing on the Motion to Vacate is not excused by its counsel's busy schedule or a failure to properly calendar a hearing date. The explanation for counsel's failing to attend the hearing does not rise to the level of excusable neglect as required by Rule 60(b) of the Federal Rules of Civil Procedure.

**B. WHETHER EXCUSABLE NEGLECT EXISTS TO VACATE THE DEFAULT FINAL JUDGMENT ENTERED AGAINST DEFENDANT.**

18. Even if the Court did find that the Defendant's or counsel's failure to appear should be excused, the Court believes the Defendant has failed to provide an adequate explanation of excusable neglect, as required by *Pioneer*, for not responding to the Complaint when properly served.

19. To vacate a default final judgment, the Eleventh Circuit has held that to "establish mistake, inadvertence, or excusable neglect under Rule 60(b)(1), a defaulting party must show that….a good reason existed for failing to reply to the complaint." *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003)

20. Defendant contends that the Default Final Judgment should be vacated because Defendant does not have a strong command of the English language and Defendant believed that the Complaint only related to the proof of claim that Defendant filed.

21. The Court finds that excuse to be lacking in merit. The Defendant is a corporation doing business in Miami-Dade County, FL. This Defendant has the business knowledge and sophistication to file a proof of claim in the Debtor's main bankruptcy case. Defendant does not deny or contest the fact that it timely received the Complaint. Instead, the Defendant contends that an employee of the company, who is not proficient in English, believed "that the papers they had received were in connection to the proof of claim that she had filed with the courts" (ECF No. 17 at ¶ 10). This excuse is insufficient to constitute excusable neglect under the standard set forth in *Pioneer*. The excuse that the Defendant employs someone who is not proficient in English, and it has placed that person in charge of reviewing the mail, indicates that the failure to respond to the Complaint was not inadvertent or excusable.

22. The facts of this case are similar to *McClure v. Dome (In re McClure)*, 234 B.R. 889 (Bankr. N.D. Tex. 1999). In *McClure*, a Chapter 13 Debtor filed an adversary proceeding against Bill Dome d/b/a Skootz Motors ("Dome"). *Id*. at 889-90. Dome failed to respond to the complaint until after the deadline to answer had expired. *Id*. at 890. Dome did not contest receiving the complaint or summons. *Id*. McClure filed a motion for default final judgment and Dome filed papers in opposition. *Id*. Dome stated in opposition he did not answer the complaint because he filed a proof of claim. *Id*. The court entered a default final judgment again Dome. *Id*. Dome moved to vacate the default final judgment and indicated that he filed several proofs of claims in the case and he mistakenly believed that the claims he filed were sufficient to respond to the complaint. *Id*. The court found that Dome's statements in support of his Motion

to Vacate showed that he was a "business man familiar with legal matters." *Id*. The Court ruled that Dome's failure to "promptly contact an attorney and timely file an answer do show neglect, but not excusable neglect" and the Court denied Dome's motion to vacate the default judgment. *Id*.

23. This case presents facts substantially similar to *McClure*. The Defendant, like the Defendant in *McClure*, has demonstrated that it is knowledgeable in legal matters and Defendant has failed to provide an adequate reason for not responding to the Complaint. The Defendant acknowledged that it timely received the Complaint and Summons and stated that it ignored the Complaint and Summons and did not file an answer because it believed that they related to the proof of claim it had filed.

24. Defendant's failure to promptly "contact an attorney and timely file an answer do show neglect, but not excusable neglect." *Id*. Thus, even if the Court granted reconsideration, the Motion to Vacate does not provide an adequate basis justifying inadvertence or excusable neglect as a reason for failing to file an answer to the Complaint. Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant's Motion for Reconsideration is **DENIED**.

# # #

Submitted By:
Brett M. Amron, Esq.
Morgan B. Edelboim, Esq.
BAST AMRON LLP
SunTrust International Center
One Southeast Third Avenue, Suite 1440
Miami, Florida 33131
Telephone: 305-379-7904
Facsimile: 305-379-7905
E-mail: bamron@bastamron.com
E-mail: medelboim@bastamron.com

[Attorney Edelboim is directed to a serve a copy of this order on all parties in interest.]